# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE B. MILLS, | Civil No. 3:18-cv-2033 |
| Petitioner | (Judge Mariani) |
| v. | |
| SUPERINTENDENT LAWRENCE MAHALLY, et al., | |
| Respondents | |

## MEMORANDUM

Petitioner George Mills ("Mills"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction from the Court of Common Pleas of Montour County, Pennsylvania. Presently before the Court is Respondents' motion to dismiss the habeas petition as untimely. (Doc. 13). Mills has not opposed the motion. For the reasons set forth below, the Court will grant the motion to dismiss and dismiss the petition as untimely.

I. **Background**

On May 28, 2009, Mills pleaded guilty to involuntary deviate sexual intercourse, statutory sexual assault, and sexual abuse of children. *Commonwealth v. Mills*, No. CP-47-CR-0000058-2009 (Pa. Ct. Com. Pl. Montour Cty). On October 13, 2009, Mills was sentenced to an aggregate term of imprisonment of six to fifteen years. *Id.*

Mills filed a timely direct appeal. *Commonwealth v. Mills*, 1928 MDA 2009 (Pa.

Super.). On February 8, 2011, the Pennsylvania Superior Court affirmed the conviction. *Commonwealth v. Mills*, 24 A.3d 447 (Pa. Super.) (Table). Mills filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Mills*, 181 MAL 2011 (Pa.). On August 23, 2011, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Mills*, 611 Pa. 668 (Pa.) (Table). Mills did not file a petition for writ of certiorari with the United States Supreme Court, therefore his judgment of sentence became final ninety days later on November 21, 2011.

On November 11, 2016, Mills filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 13-2, pp. 1-10, PCRA Petition). On January 18, 2017, following a hearing, the PCRA court denied the petition. *See Commonwealth v. Mills*, No. CP-47-CR-0000058-2009 (Pa. Ct. Com. Pl. Montour Cty). On February 13, 2017, Mills filed a notice of appeal with the Pennsylvania Superior Court. *Commonwealth v. Mills*, 473 MDA 2017 (Pa. Super.). On October 23, 2017, the Pennsylvania Superior Court affirmed the PCRA court's denial of the petition. *Commonwealth v. Mills*, 2017 WL 4772752 (Pa. Super. 2017). The Superior Court found that the petition was untimely and that Mills' reliance on the newly-discovered fact exception was misplaced. *Id.* On November 8, 2017, Mills filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Mills*, 766 MAL 2017 (Pa.). On May 30, 2018, the Pennsylvania Supreme Court denied the petition for allowance

of appeal. *Id.*

The instant habeas petition was filed on October 11, 2018. (Doc. 1).

II. **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus,

under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Mills was sentenced on October 13, 2009. His judgment of sentence became final on November 21, 2011, at the expiration of the ninety-day period for filing for writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on October 11, 2018, is clearly untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on November 21, 2011, and expired on November 20, 2012. Mills did not file his PCRA petition until November 11, 2016, four years after the expiration of the statute of limitations. In his PCRA petition, Mills argued that his claim met a timeliness exception based on newly-discovered facts. The Superior Court considered Mills' argument and ultimately determined that the petition was untimely and explained as

4

follows:

> It is clear that Appellant's 2016 petition is facially untimely: his judgment of sentence became final in 2011. However, with regard to his claim that his plea was unlawfully induced, Appellant alleges that his petition satisfies the following timeliness exceptions: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence" and "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(ii-iii). Specifically, Appellant cites our Supreme Court's decision in *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), and contends that he filed his petition within the necessary timeframe as cited *supra*. *See* Appellant's PCRA Petition, 11/29/2016, at 4.
>
> With respect to this issue, Appellant avers that while he was not sentenced to a mandatory minimum, the prospect of receiving such a sentence "was used to intimidate and twist [ ] Appellant's arms to plead guilty for less time than the mandatory minimum sentence for [10 to 20] years, which under [*Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016)] was declared unconstitutional on [its] face." Appellant's Brief at 8.
>
>> Furthermore, the actions taken in this matter by the Commonwealth has made the plea void in this case, violating the plea agreement in several areas of law and the plea contract for the following reasons: the mandatory minimum principles of the plea contract rest on illegal grounds and the guilty plea violates it's [sic] own terms of engaging in sentence scheme that was improper or illegal.
>
> *Id.* at 9.
>
> Appellant has failed to establish that his claim meets a timeliness exception. With regards to the newly-discovered facts exception, it is well-settled that "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts." *Commonwealth v. Watts*, 23 A.3d 980, 986

5

> (Pa. 2011).
>
> Furthermore, Appellant's reliance on *Wolfe* to establish an exception pursuant to 9545(b)(1)(iii) is misplaced. The *Wolfe* Court did not recognize a new constitutional right, let alone hold that any such right applied retroactively; rather, it merely applied *Alleyne v. United States*, 133 S.Ct. 2151 (2013), to hold that a particular mandatory minimum sentence not applied to Appellant was unconstitutional. More importantly, our Supreme Court has held that *Alleyne* "does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).
>
> Accordingly, Appellant failed to establish the applicability of a timeliness exception, and the PCRA court properly dismissed his petition.

*Commonwealth v. Mills*, 2017 WL 4772752, at *2-3.

It is clear that the Pennsylvania Superior Court found that the PCRA petition was untimely under the PCRA statute of limitations. The Court thus finds that the filing of the PCRA petition did not toll the AEDPA's limitations period. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (stating that it is the federal court's "responsibility to give deference to the state court's determination of the timeliness of the state PCRA petition"). An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."); *see also Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was

6

filed"). Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively

misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see *Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Mills presents no evidence to account for the delay in pursuing his state court remedies or for his delinquency in seeking relief in federal court. (*See* Doc. 1). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post conviction relief in either forum. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without

8

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

## IV. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely. A separate Order shall issue.

Dated: May 24, 2019

Robert D. Mariani
United States District Judge